[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISSOLVE ATTACHMENT (#125)
The plaintiff, Connecticut National Bank brought this action against the defendant, John P. Febbroriello to recover on a promissory note with a principal balance of $200,000.00. The defendant has admitted the allegations of the complaint including the fact that the note is in default but has filed special defenses of set off.
Presently before the court is a motion to dissolve the attachments of eleven pieces of property, one of which the defendant doesn't own. The note in question is secured by a mortgage dated November 9, 1988. The plaintiff has declined to foreclose but has chosen rather to sue on the note. See Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152. The action was commenced by attachment directed to the sheriff by the plaintiff's attorney. The note provides in part:
 11. Maker and each endorser, guarantor and surety of this Note, and each other person liable or who shall become liable for all or any part of the indebtedness evidenced by this Note, hereby acknowledge that the transaction of which this Note is a part is a commercial transaction, and to the extent allowed under Connecticut General Statutes Sections 52-278a to 52-278n, inclusive, or by other applicable law, hereby waive their right to notice and hearing with respect to any prejudgment remedy which holder or its successors or assigns may desire to use.
It will be noted that section 11 provides in part that the. . . "transaction of which this Note is a part is a commercial transaction, and to the extent allowed under Connecticut General Statutes Section52-278a to 52-27n, inclusive, or by other applicable law, hereby waive their right to notice and hearing with respect to any prejudgment remedy. . . ." General Statutes 52-278f provides that "in an action upon a commercial transaction. . ., wherein the defendant has waived his right to a notice and hearing under sections 52-278e to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided the complaint shall set forth a copy of the waiver." It will be noted that the attachment section does not refer to section 52-278n providing for a modification and that section also does not include 52-278g as one allowing for a modification. under these circumstances, 52-278g is subject to a constitutional attack. See Pinsky v. Duncan, 878 F.2d 852, People's Bank v. Peburn, 3 Conn. L. Rptr. No. 9, pg. 276.
The question of constitutionality has not been raised by the defendant and has not been addressed by the parties. The defendant has moved to dissolve only on the claim of excessiveness. The evidence before the court establishes that the mortgaged property has a value of $215,000.00. The debt at the present time is $220,080.74. It is therefore clear CT Page 7124 that the attachment of eleven pieces of real estate is excessive. The court finds that a prejudgment attachment of $35,000.00 is justified. Accordingly, the court grants the motion to release all property not required to secure an attachment of $35,000.00.
PICKETT, J.